UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,

        Plaintiff,

v.

        CASE NO. 1:10-CV-1272

        HON. ROBERT J. JONKER

PATRICIA CARUSO, *et al.*,

        Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation dated February 13, 2012 (docket # 35), and Plaintiff LaPine's Objections to the Report and Recommendation (docket # 38). The Magistrate Judge recommends that Mr. LaPine's motion for default judgment (docket # 23) be denied and that defendants' motions for summary judgment (docket ## 13 and 24) be granted. Mr. LaPine has not objected to the recommendation that his motion for default judgment be denied, but he does object to the recommendation that the defendants' motions for summary judgment be granted.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

>  The district judge to whom the case is assigned shall make a de novo
>  determination upon the record, or after additional evidence, of any

> portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Mr. LaPine's objections. There are three pending claims in this case: Count III, a First Amendment retaliation claim against Defendants Rozen, Hosey, and Schooley; Count IV, an excessive force and retaliation claim against Defendant Misner; and Count VI, a First Amendment retaliation claim against Defendant Moulter. The Magistrate Judge recommends summary judgment on each of these claims. Following its review, the Court concludes that the Magistrate Judge's recommendation is legally correct and factually sound.

A.      *Count III, First Amendment Retaliation (Defendants Hosey, Rozen, and Schooley)*

In his Count III, Plaintiff alleges that a grievance he filed on February 4, 2009, led Defendant Hosey, acting in concert with Defendants Rozen and Schooley, to file a retaliatory misconduct ticket against him on February 5, 2009. In recommending summary judgment in favor of all three defendants, the Magistrate Judge points out that the record does not establish the causation element of Plaintiff's claim, which is based on temporal proximity. (R. and R., docket # 35, at 10-11.) As the Magistrate Judge notes, the face of the grievance indicates that the MDOC did not receive that grievance until February 9, 2009. (*Id.*) In his objections, Plaintiff now explains that he hand-delivered the February 4 grievance to Inspector Welton; therefore, says Plaintiff, the defendants "were well aware before the 2/5/09 misconduct was written, or there was intent to write it, the

grievance was filed." (Obj., docket # 38, at 2.) That Plaintiff hand-delivered the grievance to Inspector Welton on February 4 does not necessarily mean, of course, that the defendants became aware of it on February 4. But even assuming Plaintiff is correct, and defendants were aware of the grievance on February 4, defendants are still entitled to summary judgment on this record for failure to establish causation. On summary judgment, the causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Accordingly, even if Plaintiff demonstrates that his protected conduct "was a motivating factor in the defendants['] action," defendants are entitled to summary judgment if they demonstrate that they "would have taken the same action even without the protected activity." *Thomas*, 481 F.3d at 441-42. Here, Defendants Rozen and Hosey have filed affidavits describing the conduct they viewed as insolent and as to which Defendant Hosey wrote a misconduct ticket against Plaintiff. (Hosey aff., docket # 14-1; Rozen aff., docket # 14-2.) Defendant Hosey states that he "would have written the misconduct ticket regardless of whether plaintiff may have previously filed grievances" concerning him or other MDOC staff. (Hosey aff. at ¶ 5.) Similarly, Defendant Rozen states that he would have taken the same actions regardless of whether Mr. LaPine had previously filed grievances or engaged in other protected activity. (Rozen aff. at ¶ 4.) Mr. Schooley's statement that he at no time threatened Mr. LaPine for any grievance or other protected conduct (Schooley aff., docket # 14-3) remains unrebutted. Defendants are entitled to summary judgment.

B.   *Count IV, Excessive Force (Defendant Misner)*

The Magistrate Judge recommends summary judgment in favor of Defendant Misner on Plaintiff's excessive force claim, which arises out of allegations that Defendant Misner handcuffed

3

him too tightly and refused to loosen the handcuffs despite Plaintiff's requests. (R. and R., docket # 35, at 11-14.) Mr. LaPine objects broadly to the Magistrate Judge's analysis and conclusion, reiterating his allegations that Defendant Misner cuffed him too tightly, that the tight handcuffing injured him, and that Defendant Misner handcuffed him tightly in retaliation for his expressive conduct. The Report and Recommendation has already thoroughly addressed all of these allegations, and nothing in Mr. LaPine's objections changes the fundamental analysis. It is well-established that "not every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The prohibition on cruel and unusual punishment under the Eighth Amendment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). The Court agrees with the Magistrate Judge that the record does not support a conclusion that the use of force was more than *de minimis* or of a sort repugnant to the conscience. The Magistrate Judge correctly found that to the extent Plaintiff claims Defendant Misner used excessive force against him in retaliation for his statement that Defendant Hosey had filed a false misconduct, the claim fails, because there was no adverse action taken against him. Summary judgment in favor of Defendant Misner is appropriate.

C.      *Count VI - First Amendment Retaliation (Defendant Moulter)*

The Magistrate Judge found that Defendant Moulter is entitled to summary judgment on Plaintiff's First Amendment retaliation claim because Plaintiff was found guilty on each of the two allegedly retaliatory major misconduct tickets Defendant Moulter filed. (R. and R., docket # 35, at 16.) "A finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir.

2005)(quoting *Henderson v. Baird*, 29 F.3d 464, 460 (8th Cir. 1994)). Mr. LaPine objects that although the MDOC found him guilty on both major misconduct tickets, there was no ultimate finding of guilt as to at least one of the major misconduct tickets on administrative appeal. In support of this objection, Mr. LaPine filed a copy of an Opinion and Order from Ingham County Circuit Court discussing his administrative appeal of the two MDOC decisions finding him guilty of the two major misconduct tickets. (docket # 38-1.) That Opinion and Order notes that on administrative appeal, the court "found sufficient evidence, which was competent, material, and substantial on the whole record to sustain MDOC's finding that Petitioner was guilty of a major misconduct for fighting," but not to sustain the MDOC's finding that he was guilty of a major misconduct for assault. (*Id.*)

Under these unique circumstances, Mr. La Pine's retaliation claim is still "checkmated," and Defendant Moulter is entitled to summary judgment on the claim. *Jackson*, 158 F. App'x at 662. This is because both the MDOC and the Circuit Court agreed Defendant was guilty of one of two major misconduct tickets arising out of the same hockey game fracas. In his affidavit, Defendant Moulter describes the conduct he observed in his review of the video of the hockey game that led him to issue the two major misconducts against Mr. LaPine. (Moulter aff., docket # 25-2, at ¶¶ 4-6.) He explains that he observed Mr. LaPine "strike prisoner Huizar #321602 in the head with a hockey stick, causing lacerations to prisoner Huizars [sic] face." (*Id.* at ¶ 5.) He notes that "Prisoner Huizar was treated by Health Care staff for the injuries sustained to his face." (*Id.*) Obviously, the Circuit Court agreed there was a fight; it simply did not sustain the companion assault ticket. Whether analyzed under *Jackson's* "checkmate" analysis; the standard prima facie cause prong of *Thomas v. Eby*, 481 F.3d 434(6th Cir. 2007); or the *Mount Healthy* burden-shifting framework, 429 U.S. 274

(1977), there is no way for a reasonable fact-finder to conclude that retaliation was a motivating factor in the decision to write the companion tickets. The Court concludes that the causation element of the retaliation claim is not satisfied. Defendant Moulter is entitled to summary judgment.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 35) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (docket # 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Rozen, Hosey, Misner, and Schooley's Motion for Summary Judgment (docket # 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Moulter's Motion for Summary Judgment (docket # 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** in its entirety.

Dated:  March 27, 2012  /s/ Robert J. Jonker
  ROBERT J. JONKER
  UNITED STATES DISTRICT JUDGE